IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREGORY D. RICHARD, JR., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN DOUGLAS FENDER, <br><br> Respondent. | CASE NO. 3:23-cv-599 <br><br> DISTRICT JUDGE <br> BRIDGET MEEHAN BRENNAN <br><br> MAGISTRATE JUDGE <br> JAMES E. GRIMES JR. <br><br> **REPORT & RECOMMENDATION** |

In March 2023, petitioner Gregory Richard filed a pro se federal habeas petition under 28 U.S.C. § 2254. Doc. 1. In his petition, Richard raised six claims, including four ineffective assistance of trial counsel claims. Doc. 1, at 3–4. In November, through then-recently retained counsel, Richard filed a Motion for stay and abeyance. Doc. 15. In his Motion, Richard submits that his petition to reopen the trial court's denial of his post-conviction petition—in which Richard raised his ineffective assistance of trial counsel claims, and which the trial court denied on the basis of res judicata—is currently pending in state court. *Id*. at 2; *see* Doc. 9-1, at 411 (state post-conviction petition), 466 (trial court ruling).

The Warden opposes Richard's Motion to stay. The Warden contends that Richard's ineffective assistance of trial counsel claims are procedurally defaulted, rather than unexhausted. Doc. 19, at 1–2; Doc. 25, at 4. The Warden explains that Richard procedurally defaulted his claims in two ways—the trial

court ruled that they were barred by res judicata and Richard failed to appeal the trial court's ruling. Doc. 19, at 1–2; Doc. 25, at 4.

Generally, to obtain federal habeas review, petitioners must exhaust their claims in state court first. 28 U.S.C. § 2254(b)(1)(A). But a district court may stay a federal habeas case when the petitioner files a mixed petition—a petition containing exhausted and unexhausted claims—to allow the petitioner to exhaust the unexhausted claims in state court. *Rhines v. Weber*, 544 U.S. 269 (2005). A stay is only appropriate when the petitioner shows "good cause" for failing to exhaust the claims in state court. *Id*. at 277. And even if a petitioner shows good cause, the district court may not grant a stay when the unexhausted claims are "plainly meritless" or the petitioner engaged in "dilatory litigation tactics." *Id*. at 277–78.

Here, Richard's petition is a mixed petition because it includes exhausted and unexhausted claims. Richard raised his ineffective assistance of counsel claims in his post-conviction petition, which the trial court denied in September 2021 on the basis of res judicata. Doc. 9-1, at 411, 466. Richard did not timely appeal. But in February 2023, Richard filed in the trial court a motion for relief from judgment, asserting that he hadn't been served with the court's decision denying post-conviction relief. *Id*. at 472. In November the trial court denied Richard's motion, *see* Doc. 24-1, and Richard has appealed that decision to the Ohio court of appeals, *see id*. at 2, Doc. 25, at 4.

2

The Warden argues that Richard's pending appeal is a "delayed appeal," which is "not available" in "a post-conviction proceeding." Doc. 25, at 4 (citing *Troiano v. Warden, Ross Corr. Inst.*, No. 2:12-cv-940, 2015 WL 196405, at *7 (S.D. Ohio Jan. 15, 2015) (stating that a delayed appealed under Ohio Appellate Rule 5(A) "is not available in the appeal of a post conviction relief determination"). But review of the Ohio court of appeals docket shows that, although Richard filed a notice of appeal and a motion for delayed appeal under Ohio Appellate Rule 5, the Ohio court of appeals found that Richard's notice of appeal was improperly rejected as untimely by the Marion County Clerk of Courts due to an electronic docketing error. *See State v. Richard, Jr.*, case no. 9-24-01 (judgment entry filed 2/22/24). So Richard's appeal wasn't late. The Ohio court of appeals restored it as a timely appeal and it is currently pending before that court. *Id*. If the Ohio court of appeals were to grant Richard's appeal of the trial court's order denying Richard's motion to reopen his post-conviction case, such a ruling would create an avenue for Richard to challenge the trial court's denial of his post-conviction petition. This means that Richard's ineffective assistance of counsel claims are currently unexhausted.

The Warden submits that the trial court rejected Richard's ineffective assistance of counsel claims on the basis of res judicata. Doc. 25, at 4. Nevertheless, this doesn't change the fact that the claims are unexhausted, as explained above. And even if the Ohio court of appeals were to ultimately affirm the trial court's denial of Richard's post-conviction petition on the basis

3

of res judicata, such a ruling would inform this Court's analysis of the propriety of the state court's application of the procedural bar and any cause-and-prejudice argument that Richard might raise.

The Warden submits that, to the extent that Richard could allege cause to excuse the procedural default based on the materials he submitted to state court, these materials are not persuasive. Doc. 25, at 5. Nevertheless, this issue is currently before the Ohio court of appeals, and that court, rather than this one, is the better arbiter of that issue. *See, e.g., Woodson v. Smith*, No. 5:08-cv-2779, 2010 WL 3781579, at *5 (N.D. Ohio Sept. 23, 2010) (granting the petitioner a stay "[g]iven that issues substantially overlapping those in Woodson's petition for a writ of habeas corpus are pending in State court").

In sum, Richard's petition includes exhausted and unexhausted claims. The issue of whether Richard can show good cause under *Rhines* for not exhausting his ineffective assistance of counsel claims in state court is the same issue teed-up for the Ohio court of appeals to decide relevant to his appeal. And if the Ohio court of appeals reopens Richard's appeal, it will weigh in on whether these claims are procedurally defaulted.

So I recommend that the Court grant Richard's motion to stay, Doc. 15, and administratively stay and terminate this case on the Court's active docket pending Richard's exhaustion of state court remedies. The stay should be

4

conditioned on Richard filing a motion to reinstate this case on the Court's active docket within 30 days after he fully exhausts those state court remedies.

Dated: March 6, 2024

                 */s/ James E. Grimes Jr.*
                 James E. Grimes Jr.
                 U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).