UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY D. RICHARD, JR., | ) | CASE NO. 3:23-CV-00599 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN DOUGLAS FENDER, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James E. Grimes Jr. recommending that the Court grant Gregory D. Richard, Jr.'s ("Petitioner") motion to stay. (Doc. No. 28). For the following reasons, the R&R is ADOPTED. Petitioner's Motion to Stay (Doc. No. 15) is GRANTED. This case is administratively STAYED and terminated from the Court's active docket.

I.  **BACKGROUND**

On March 21, 2023, Petitioner filed a *pro se* federal habeas petition under 28 U.S.C. § 2254. (Doc. No. 1.) The petition raised six claims, four of which claimed ineffective assistance of counsel. (*See id.* at 28-53.)[1] This case was referred to Magistrate Judge Grimes pursuant to Local Rule 72.2(b).

On November 30, 2023, Petitioner, now represented by counsel, filed a motion for stay and abeyance. (Doc. No. 15.) Petitioner highlighted that, in February 2023, he timely filed a petition to reopen judgment arguing that "the failure of the trial court to timely serve notice of its denial of his petition for post-conviction relief effected a denial of due process, requiring

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

reopening." (*Id.* at 1400; *see also* Doc. No. 9-1 at 595 (September 2021 state court ruling on petition for post-conviction relief); *id.* at 604 (Petitioner's motion for relief from judgment and order).) Petitioner argued that because this petition was pending before the state court, the Court should grant "a stay of [Petitioner's] § 2254 petition pending the outcome of the state court's ruling." (Doc. No. 15 at 1401.)[2]

On December 21, 2023, Respondent filed an opposition to Petitioner's motion to stay. (Doc. No. 19.) Respondent argued that Petitioner's ineffective assistance of counsel claims were procedurally defaulted, not unexhausted. (*Id.* at 1439-40; *see also* Doc. No. 25 at 1831.) Respondent contended that Petitioner procedurally defaulted on his ineffective assistance of counsel claims at two points: (A) when the trial court ruled that his claims were barred by res judicata, and (B) when Petitioner failed to appeal the trial court's ruling. (Doc. No. 19 at 1439-41; Doc No. 25 at 1831-32.)

On January 22, 2024, Petitioner filed a supplement to the motion to stay and abeyance. (Doc. No. 24.) Petitioner attached state court's November 28, 2023 Order denying Petitioner's motions because his "claims are barred by res judicata." (Doc. No. 24-1 at 1826.) Petitioner stated that an appeal of this decision was pending before the Ohio court of appeals. (Doc. No. 24 at 1821.)

## II. LAW AND ANALYSIS

### A. Magistrate Judge Grimes' Report and Recommendation

The R&R noted "[g]enerally, to obtain federal habeas review, petitioners must exhaust their claims in state court first." (Doc. No. 28 at 2707 (citing 28 U.S.C. § 2254(b)(1)(A)).) The

---

[2] The Marion County Common Pleas Court ruled on Petitioner's motions on November 28, 2023. (Doc. No. 24-1.) Counsel for Petitioner was informed of this decision on November 29, 2023. (*Id.*)

R&R further observed that "a district court may stay a federal habeas case when the petitioner files a mixed petition—a petition containing exhausted and unexhausted claims—to allow the petitioner to exhaust the unexhausted claims in state court." (*Id.* (citing *Rhines v. Weber*, 544 U.S. 269 (2005)).) The R&R then stated the standard for granting a stay, which requires a petitioner to show "good cause" for failing to exhaust the claims in state court and the district court must determine both that the unexhausted claims are not "plainly meritless," and that the petitioner is not engaged in dilatory litigation tactics. (*Id.*)

Here, the R&R noted that the petition included both exhausted and unexhausted claims. (*Id.*) The R&R addressed Respondent's argument that the pending appeal discussed in Petitioner's motion to stay is a "delayed appeal" that is "not available" for post-conviction proceedings. (*Id.* at 2708.) Specifically, the R&R noted that the Ohio court of appeals found that Petitioner's notice of appeal "was improperly rejected as untimely by the Marion County Clerk of Courts due to an electronic docketing error." (*Id.* (citing *State v. Richard, Jr.*, No. 9-24-01 (2/22/2024 judgment entry)).) Accordingly, Petitioner's appeal was not delayed. (*Id.*) The R&R further noted that "If the Ohio court of appeals were to grant [Petitioner]'s appeal . . . , such a ruling would create an avenue for [Petitioner] to challenge the trial court's denial of his post-conviction petition." (*Id.*) Ultimately, the R&R stated that the pending appeal in state court means Petitioner's "ineffective assistance of counsel claims are currently unexhausted." (*Id.*)

Next, the R&R observed that the trial court's rejection of Petitioner's ineffective assistance of counsel on the basis of res judicata does not "change the fact that the claims are unexhausted." (*Id.*) Lastly, with respect to Respondent's arguments that Petitioner failed to show cause to excuse procedural default, the R&R stated that the Ohio court of appeals "is a

3

better arbiter of that issue." (*Id.* at 2709 (citing *Woodson v. Smith*, No. 5:08-cv-2779, 2010 WL 3781579, at *5 (N.D. Ohio Sept. 23, 2010)).)

In conclusion, the R&R observed that

> The issue of whether [Petitioner] can show good cause under *Rhines* for not exhausting his ineffective assistance of counsel claims in state court is the same issue teed up for the Ohio court of appeals to decide relevant to his appeal. And if the Ohio court of appeals reopens [Petitioner]'s appeal, it will weigh in on whether these claims are procedurally defaulted.

(*Id.*) The R&R recommended that the Court grant Petitioner's motion to stay, administratively stay and terminate this case from the Court's active docket pending Petitioner's exhaustion of state court remedies. (*Id.*) The R&R also recommended that the stay be conditioned on Petitioner filing a motion to reinstate this case on the Court's active docket within 30 days after he fully exhausts those state court remedies. (*Id.* at 2709-10.)

Neither party filed objections to the R&R.

### B. Standard of Review

The standard of review for a magistrate judge's R&R depends on whether the parties objected to that report. *See Williams v. Foley*, 3:20-cv-02187, 2022 WL 4551591, at *1 (N.D. Ohio Sept. 29, 2022). When objections are made to a R&R, Federal Rule of Civil Procedure 72(b)(3) requires that the district court conduct a *de novo* review. *See* Fed. R. Civ. P. 72(b)(3). The text of Rule 72(b)(3) does not specify a standard of review for reports to which neither party has objected. Instead, the Advisory Committee on Civil rules commented "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (citing *Campbell v. United States Dist. Court*, 501 F.3d 196, 206 (9th Cir. 1974), *cert denied*, 419 U.S. 879); *see also Williams*, 2022 WL 4551591 at *1 (same).

### C. Analysis

Petitioner included both exhausted and unexhausted claims in his petition. Petitioner's exhausted claims include his claim that there was insufficient evidence to convict him of corrupting another with drugs as well as his claim that his constitutional and statutory rights to a speedy trial were violated. (*See* Doc. No. 1 at 28-41.)

Petitioner's four remaining claims regarding ineffective assistance of counsel are unexhausted. (*See id.* at 41-53.) As the R&R summarized, Petitioner raised ineffective assistance of counsel claims in his post-conviction petition. (*See* Doc. No. 9-1 at 544-51.) In September 2021, the trial court denied these claims on the basis of res judicata. (*See id.* at 599.) Petitioner did not timely appeal this decision. (*See* Doc. No. 1 at 27 (discussing petitioner's opportunity to appeal).) In February 2023, Petitioner filed a motion for relief from judgment, asserting that he had not been served with the court's September 2021 decision. (Doc. No. 9-1 at 604-05; *see also id.* at 621 (Petitioner's affidavit testifying that "In December[] 2022, I was first made aware that this Court denied my petition for post-conviction relief in September 2021").) In November 2023, the trial court denied Petitioner's motion for relief from judgment. (*See* Doc. No. 24-1.) Petitioner has since appealed the November 2023 decision to the Ohio court of appeals. This appeal is currently pending. (Doc. No. 24 at 1821; Doc. No. 25 at 1831.)

The appeal pending before the Ohio court of appeals will address issues relevant to the petition for a writ of habeas corpus here. Specifically, the court of appeals will decide whether Petitioner has shown good cause for failing to exhaust his ineffective assistance of counsel claims. And, if necessary, the Ohio court of appeals will also decide whether these claims are procedurally defaulted. These issues will materially affect this Court's exhaustion analysis upon review of the § 2254 petition. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state court

remedies). Therefore, "in the interests of judicial efficiency, economy, and fairness," staying this case pending final resolution of state court proceedings is appropriate. *Cunningham v. Hudson*, No. 3:06-cv-0167, 2007 WL 496641, at *2 (N.D. Ohio Feb. 8, 2007) (internal quotations omitted); *see also Woodson*, 2010 WL 3781579 at *5 (granting a stay where the state court "may issue (1) a favorable decision or (2) an alternate remedy that could potentially interfere with the instant matter, rending federal review moot").

After a review of the record and the R&R, the Court finds that Judge Grimes' recommendations are supported by the law and facts of this case. In the absence of objections from either party, the Court is satisfied that there is no clear error on the face of the record and will adopt the R&R.

### III.  CONCLUSION

For the reasons stated above, the R&R and is ADOPTED. Petitioner's motion to stay (Doc. No. 15) is GRANTED on the condition that Petitioner files a motion to reinstate this case on the Court's active docket within thirty days after he fully exhausts his state court remedies. Failure to do so will result in dismissal of this case <u>with prejudice</u>. This case is administratively STAYED and terminated from the Court's active docket.

IT IS SO ORDERED.

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

Date:  July 12, 2024